8   223
8   374
30* 755
31* 987

# MILTON J. WEST, APPELLANT, *v.* WARREN G. CHILD AND OTHERS, RESPONDENTS.

[See *West* v. *National Bank, post.*]

TOWN SITE LAW.—PUBLIC LANDS.—RETENTION OF POSSESSION.—In an action brought by the child of an original occupant of part of a town site, for relief against an alleged illegal adjudication of the probate court, which adjudication was made after the death of the original occupant, but where the complaint did not allege that the widow and children of the deceased occupant had continued his occupancy up to the time of entry of the lands in the town site by the municipal authorities; *held* that for want of such allegation the complaint did not show that the plaintiff ever was entitled to any interest in the land.

ID.—ID.—ID.—FAILURE TO RETAIN POSSESSION.—The widow and children of the occupant of land within a town site have, under the town site law, an inchoate interest after the death of the occupant, which interest they lose by failing to retain possession of the land until the entry of the land by the municipal authorities.

APPEAL from a judgment of the district court of the first district. The opinion states the facts, except the following:

The complaint was not objected to on the ground of misjoinder of parties defendant. The rules and regulations prescribed by the Territorial act are stated in the opinion. The complaint did not show the date of the entry of the town site of the City of Ogden, but the Territorial law, referred to in the opinion, prescribed a publication of notice after the entry of the town site by the corporate authorities, and at any time within six months after publication of the notice, provided for the

filing of claims by the occupant. As no claim under the law could be filed until after entry and the claim in this case was filed by the occupant before his death, *quære* did not the complaint show affirmatively that the entry was made before the death of the occupant? The date of the issuance of patent is found in the opinion, but this is of course not the date of the entry of the land.

The complaint was against the surviving administrators of said West, deceased, Ogden City, Kimball and Lawrence, and the remaining heirs of said West, deceased, and the defendants Warren G. Child, Austin W. Child, John Keck, Morris Goldberg and Abiel Leonard. As to the defendants last named, the complaint was an action to quiet title. It alleged that "the defendants Child, Child, Goldberg, Keck and Leonard, claim an estate or interest in said real estate adverse to plaintiffs, but such claim is without any right whatever and said defendants have no estate, right, title, or interest whatever in said undivided one-nineteenth." The complaint prayed that the said defendants be required to set forth their claim, and that such claim be determined to be invalid. The rest of the complaint is in the opinion. The defendants last named filed the demurrer.

The statute of Utah Territory provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim—§ 3468, 2 Comp. Laws, 1888.

*Mr. C. B. Pash,* for the appellant.

The order of sale in the probate court and the sale to Kimball and Lawrence was illegal. It is alleged that no petition for the sale of the interest of deceased in the lands was ever filed, no showing was ever made of any necessity to sell, no notice was given to the minor heirs, and no guardian appointed for them. Woerner Law of

Admin. 1037. The sale was absolutely void. The adjudication of the lands to Kimball and Lawrence, the purchasers, was void because no notice was ever given to the heirs of such claim and no guardian appointed for them. The lands therefore descended to the heirs.

*Messrs. Evans and Rogers* and *Messrs. Bennett, Marshall and Bradley,* for the respondents.

The bill to quiet title cannot be maintained because plaintiff affirmatively alleges that he has not the legal title. Only a person having both a legal and equitable title can maintain the bill. *Orten* v. *Smith,* 18 How. 265. *Frost* v. *Spitley,* 121 U. S. 556; *Halland* v. *Challen,* 110 U. S. 25; *State* v. *Railroad Co.,* 7 Neb. 357. The adjudication in the probate court cannot be collaterally attacked. The judgment is *in rem,* the court had jurisdiction of the *res,* but ignored a statute requiring a notice. *Cooper* v. *Reynolds,* 10 Wall. 308; *Voorhees* v. *Bank,* 10 Pet. 449; *Boswell's Lessee* v. *Otis,* 9 How. 336; *Pennoyer* v. *Neff,* 95 U. S. 724; *Grignon's Lessee* v. *Astor,* 2 How. 319; *Bent* v. *Thompson,* 138 U. S. 114; *Florentine* v. *Barton,* 2 Wall. 216; *Robb* v. *Irwin,* 15 Ohio, 698; *Salstontal* v. *Riley,* 28 Ala. 164; *Stow* v. *Kimball,* 28 Ill. 93.

ANDERSON, J.:

This is an appeal from a judgment sustaining a demurrer to plaintiff's complaint and dismissing the action. The complaint alleges that on the 7th day of January, 1870, one Chauncey West died intestate, possessed and seized of certain real estate situated in the city of Ogden, and which was, at the time mentioned in the complaint, a part of the public lands of the United States; that on the 29th day of September, 1869, West filed in the office of the probate judge of Weber county, in which county Ogden is situated, a statement of his claim to said lands, under the rules and

regulations of the legislature of the Territory, as prescribed in the act of February 17, 1869, for the purpose of carrying into effect the act of Congress of March 2, 1867, in relation to town sites on the public lands; that no adjudication of the claim of said West had been made by the probate court at the time of his death; that West had been in possession of said lands many years before the passage of the act of Congress referred to, under claim of ownership against all the world except the United States; that on the 2d day of August, 1872, a patent for the lands in controversy, together with others, was duly issued to Loren Farr, mayor of Ogden city, for the benefit of the inhabitants of said city; that on the 17th day of January, 1870, administrators of West's estate were appointed by the probate court of Weber county, and that administration of the estate has not been closed, but that there are no debts or claims against the estate remaining unpaid; that on the 31st day of May, 1870, John B. Kimball and Henry W. Lawrence, of Salt Lake county, filed in the office of the probate judge of Weber county a statement, supplemental to that filed by West, claiming to have purchased the lands in controversy from the administrators of West's estate, and on June 1, 1870, the probate court awarded the lands to them, and entered an order directing the mayor of Ogden city to execute and deliver to them a deed therefor, which deed was accordingly made and executed to the said Kimball and Lawrence. It is alleged that no notice was given the heirs of West of the application for the appointment of administrators, nor of their appointment, nor any notice to creditors for the presentation of claims; that no application was made to the probate court for the sale of the real estate of the decedent, nor any showing made to the court of any necessity for making such sale for the payment of debts or otherwise; that, at the adjudication before the probate court of the claim of Kimball and Lawrence, no notice of such adjudication was given the heirs of West,

nor was any guardian *ad litem* appointed for them, the plaintiff being then less than one year old. The complaint prays that the deed to Kimball and Lawrence be canceled and set aside; that the defendants Warren G. Child, Austin W. Child, John Keck, Morris Goldberg, and Abiel Leonard, bishop of the Protestant Episcopal Church, be adjudged to have no estate or interest in one-nineteenth of the lands in controversy; that plaintiff's title to one - nineteenth thereof be adjudged valid, and that Ogden city be required to convey the same to him; and that the above-named defendants be enjoined from asserting title or claim thereto. The defendants W. G. Child and Austin W. Child, John Keck and Morris Goldberg, demurred to the complaint upon the ground that plaintiff's action was barred by the statute of limitations, and because the complaint did not state facts sufficient to constitute a cause of action against the defendants, or either of them. The demurrer was sustained by the court, and, the plaintiff failing to amend his complaint, the action was dismissed as to said defendants. The plaintiff excepted to the ruling of the court, and brings this appeal, and assigns the same as error. As to the respondents, this is an action to quiet the title of the plaintiff against any claim they may have to one-nineteenth of the real estate described in the complaint. The act of Congress of March 2, 1867, for the relief of the inhabitants of cities and towns upon the public lands, provides that "it shall be lawful, in case such town shall be incorporated, for the corporate authorities thereof * * * to enter at the proper land office, and at the minimum price, the land so settled and occupied, in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such towns, * * * to be conducted under such rules and regulations as may be prescribed by the legislative authority of the state or territory in which the same may be situated." 14 U. S. St. at Large, p.

541.    By the act of the Territorial legislature approved February 17, 1869 (2 Comp. Laws, p. 144, § 2815), prescribing rules and regulations for carrying into effect the town site act above referred to, it was made the duty of the officer in whose name the entry was made to "convey the title to such lands, or to the several blocks, lots, parcels, or shares thereof, to the persons entitled thereto, to be ascertained as hereinafter prescribed." The act provided that the several lots and parcels within the limits of the lands so entered should be conveyed to "the rightful owner of possession, occupant or occupants," or such persons as might be entitled to the occupancy or possession. The act further provided that, within thirty days after the entry of such lands, the corporate authorities or judge entering the same should give public notice of such entry in at least five public places within such town or city, and by publishing the notice in some newspaper printed and published in the Territory having a general circulation in such town or city, which notice should be published once each week for three months, and to contain a description of the land so entered. The statute further provided that any one claiming any portion of such land must, within six months after the publication of such notice, file with the clerk of the probate court of the county a statement in writing, containing a description of the portion of such land claimed by him, and of his right or interest therein, and, if such claim be not filed within such time, he should be forever barred from asserting any claim thereto, unless for good cause shown the time should be extended by the probate judge. It also provided that if, at the expiration of six months from the first publication of notice, there were adverse claimants to the land, it was the duty of the probate judge to cause notice to be served on such claimants to appear before him on a day to be fixed by him, and prosecute such claim, and that such judge should on the day fixed hear the proof and allegations of the parties,

and decide according to the justice of the case. By the allegations of the complaint it was more than two and one-half years after the death of Chauncey W. West before a patent was issued by the United States to the mayor of Ogden for the land in controversy. When the entry was made by the mayor the complaint fails to show. It is not averred that Chauncey W. West was in possession when the land was entered at the local land office, nor that his widow (if he left one) or children continued the possession of the land begun by him, until such entry was made.

In *Hussey* v. *Smith*, 99 U. S. 20, it was held that the occupant of land covered by a town site entry had an equitable interest in the premises, which he could sell and convey. In the case of *Stringfellow* v. *Cain*, Id. 610, the rights of occupants of lands under the town site act and their assignees came under consideration. Cain was the occupant of certain real estate in Salt Lake City, and died before the land was entered by the corporate authorities of the city. He left at his death his widow and two minor children. After his death his widow relinquished the possession of a part of the lot to one who set up a claim to it. She subsequently sold and conveyed another portion of the lot, and gave the possession of the part sold to the purchaser. Another portion was sold by the administrators of Cain's estate to pay taxes assessed and debts incurred by making improvements upon the property after Cain's death. The court say that all the interest Cain had in the lot when he died was "an inchoate right to the benefit of the town site law in case the property should be purchased from the United States by the corporate authorities under the provisions of that law. All he could do was to maintain his occupancy, and claim the statutory trust in his favor in case that trust should be created. He held the position of one seeking to acquire a title by possession adverse to all the other inhabitants of the town. His right to maintain this adverse possession descended to

his widow and children, under the laws of Utah. There can be no doubt that the possession the children thus acquired, if continued, would have ripened into a perfect title under the trust. The infants could not bind themselves by contract to sell and convey their possessory right but they might lose their rights by a failure to keep possession. The lot was occupied by Cain as his homestead, and the court say that, if the widow remained in the possession of the property, she necessarily did so for the benefit of her children and herself, in proportion to their respective interests in the inheritance; but if she voluntarily withdrew from the property, and gave it up to others, the rights of her children, as well as herself, which depended upon keeping the possession, were gone. The adverse possession commenced by the father might in this way be abandoned." The court held that as to such portions of the lot as had been sold by the widow or by the administrators, or to which she had yielded the possession to another, the rights of herself and children were gone, and she and her children were only entitled to such portion of the lot as was possessed or occupied by them when entry of the land was made. The widow and children of West inherited from him his right to the adverse possession of the property in controversy, but not of the title thereto, there being no averment that the land had been entered before his death. But there being no allegation in the complaint that they continued the possession begun by him in his lifetime until the entry was made, we think the complaint fails to state facts sufficient to constitute a cause of action, and that the demurrer was rightfully sustained on that ground. We deem it unnecessary to discuss the other questions argued by counsel. The judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred only in the result.